UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES BRUCE THOMAS,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 24-cv-1846-JPG

Criminal No 98-cr-40004-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Charles Bruce Thomas's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

**I.**    **Background**

In February 1999, a jury found Thomas guilty of one count of possessing with intent to distribute crack cocaine m violation of 21 U.S.C. § 841(a)(l). In June 1999, the Court sentenced the petitioner to serve 300 months in prison to run consecutively to a 60-year state murder sentence. This sentence was based on the Court's application of the United States Sentencing Guidelines ("U.S.S.G.") as they existed before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), rendered them advisory. Under those mandatory guidelines, the Court found Thomas was a career offender under U.S.S.G. § 4B1.1 (1998). The petitioner appealed his sentence to the United States Court of Appeals for the Seventh Circuit, which in February 2000, affirmed the Court's judgment. *See United States v. Thomas*, No. 99-2455, 210 F.3d 377, 2000 WL 148209 (7th Cir. 2000). The United States Supreme Court denied Thomas's petition for a writ of *certiorari* in October 2000. *See Thomas v. United States*, 531 U.S. 969 (2000).

Thomas filed his first § 2255 motion in December 2000, and the Court denied it in

September 2002.  *See Thomas v. United States*, 00-cv-4304-JPG, 2002 WL 34584519 (S.D. Ill. Sept. 4, 2002).   He appealed the judgment to the Court of Appeals, which denied him a certificate of appealability.   *See Thomas v. United States*, No. 02-3875 (7th Cir. Feb. 7, 2003). This Court subsequently dismissed several post-judgment motions as unauthorized successive § 2255 motions, and the Court of Appeals denied certificates of appealability for appeals of those decisions.

In May 2016, the Court of Appeals authorized this Court to entertain a successive § 2255 motion from Thomas to challenge his sentence under *Johnson v. United States*, 576 U.S. 591 (2015) (98-cr-40004-JPG, Doc. 153).   Thomas filed his second § 2255 motion in July 2016. *See Thomas v. United States*, 16-cv-744-JPG.   In an amended petition, he argued that, following *Johnson* and *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018), his sentence as a career offender violated his due process rights because he was sentenced under a mandatory guideline regime where the career offender guideline residual clause was unconstitutionally vague.   The Government agreed that this Court must follow *Cross*, even though the Government thought it was wrongly decided.   The Court granted Thomas's motion and resentenced him on March 8, 2022, to 144 months in prison, again consecutive to his state murder sentence, which he had still not yet completed.

In preparation for the resentencing hearing, the Court ordered the preparation of a new presentence investigation report ("PSR") to reflect a new sentencing guideline calculation in light of *Johnson* and retroactive sentencing guideline amendments, Thomas's post-conviction conduct, and updated recommended conditions of supervised release (98-cr-40004-JPG Doc. 160).   Thomas thought that his resentencing should be *de novo* in all respects, including his relevant conduct finding (98-cr-40004-JPG, Doc. 211).   The Court rejected this request.   It

2

determined that, in Thomas's case, it was sufficient to neutralize the taint of his first sentencing simply to resentence him without the mandatory career offender finding without opening up other factual findings such as relevant conduct. The Court also applied intervening changes in the law and the guidelines (98-cr-40004-JPG, Doc. 219).

Thomas appealed his sentence, and the Court of Appeals affirmed it in August 2023. *See Thomas v. United States*, No. 22-1377, 2023 WL 5447273 (7th Cir. Aug. 24, 2023). The United States Supreme Court denied his petition for a writ of *certiorari* on April 15, 2024. *See Thomas v. United States*, 144 S. Ct. 1382 (2024) (Mem.).

## II.     § 2255 Motion

In his timely § 2255 motion, the petitioner argues the Court should vacate the March 8, 2022, sentence for the following alleged violations of his Sixth Amendment right to effective assistance of counsel:

Ground 1:   His sentencing counsel failed to object and challenge the PSR's finding that Thomas's state and federal convictions were not related, which resulted in consecutive sentences;

Ground 2:   His appellate counsel failed to argue that Thomas was entitled to a full resentencing hearing, including a new determination of relevant conduct amount by reliable information;

Ground 3:   His sentencing counsel (a) failed to object to the Court's using the preponderance of the evidence standard to establish his relevant conduct and (b) failed to argue that the "2021 United States Department of Justice Statement" should be applied;

Ground 4:   His sentencing counsel failed to inform Thomas of a conflict of interest in his representation; and

Ground 5:   The cumulative effects of counsels' error undermined confidence in the outcome of the proceedings.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court determines that, with one exception, it is not plain from the

motion and the record of the prior proceedings that the petitioner is entitled to no relief on his § 2255 motion.  The one exception is Ground 3(a) that argues counsel was constitutionally ineffective for failing to object to relevant conduct being found using the preponderance of the evidence standard.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

Thomas's argument in Ground 3(a) can be quickly put to rest by *United States v. Booker*, 543 U.S. 220 (2005).  *Booker* observed that under a mandatory sentencing guidelines regime, the Sixth Amendment required that facts to support an elevated guideline range (other than prior convictions) be found by a jury beyond a reasonable doubt or admitted by the defendant.  *Id.* at 243-44; *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006) (noting that "judges may not find facts that increase the maximum punishment and that a mandatory sentencing guidelines scheme violates that rule").  However, the Supreme Court chose to invalidate the mandatory nature of the guidelines to avoid the need for a jury to find sentencing guideline facts beyond a reasonable doubt.  *Booker*, 543 U.S.. at 245.  Thus, after *Booker*, facts to support the now-advisory sentencing guideline ranges—including relevant conduct amounts—may be found by

the Court by a preponderance of the evidence. *United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006) (citing *Booker*, 543 U.S. at 226-27). And as long as the ultimate sentence is within the statutory guideline range, the sentence is constitutional.

That is exactly what the Court did at Thomas's original sentencing in 1999, the results of which the Court adopted at the 2022 resentencing when it applied the guidelines as advisory. Even if the Court had reopened the issue of relevant conduct in 2022, it would have been permitted to make its findings by a preponderance of the evidence since the guidelines were advisory at that time. Thus, Thomas's counsel's failure to argue otherwise at the resentencing was neither deficient performance nor prejudicial to Thomas. On the contrary, any objection would have been frivolous. The Court rejects Ground 3(a) as a basis for § 2255 relief.

As for Thomas's other asserted grounds for relief, the Court **ORDERS** the Government to file a response to Grounds 1, 2, 3(b), 4, and 5 of the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   September 26, 2024**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**