UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES BRUCE THOMAS,

  Petitioner,

    v.

UNITED STATES OF AMERICA,

  Respondent.

Civil No. 24-cv-1846-JPG

Criminal No 98-cr-40004-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Charles Bruce Thomas's motion for leave to amend his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 6). He wishes to add to his pending § 2255 motion a claim that appellate counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel for failing to raise on appeal the claims of error in his original § 2255 motion. The Court refers to its September 26, 2024, order (Doc. 5) for the background facts of this case and the relevant law applicable to § 2255 motions.

Rule 15(a) governs amendments to pleadings before trial, including amendments to § 2255 motions. *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013). A party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement, or to strike. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing party's written consent, which Thomas has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Although the text of the rule has changed over the years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132

(N.D. Ill. 1989). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

The Court finds that Thomas should be allowed to amend his motion, but it clarifies the scope of his new claim of ineffective assistance of appellate counsel.

- In Ground 1 of his original motion, Thomas's argument centers on the failure to challenge the PSR's finding that Thomas's state and federal convictions were not related, which resulted in consecutive sentences. Appellate counsel did raise this issue on direct appeal, and the Court of Appeals rejected it. Thomas has not suggested what other argument appellate counsel could have or should have made that would have had a reasonable probability of changing the result. It is his burden to asset this to show prejudice from ineffective counsel. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). Without any allegation of what counsel should have argued, a claim of constitutional ineffectiveness is futile. Thus, the Court will not allow Thomas to amend his § 2255 motion to add such a claim.

- Ground 2 of his original § 2255 motion is already a claim that appellate counsel was ineffective for failing to argue for a full resentencing hearing. A claim that she was ineffective for failing to argue her own ineffectiveness is absurd. Thus, the Court will not allow Thomas to amend his § 2255 motion to add such a claim.

- Ground 3(a), a claim based on the Court's using the preponderance of the evidence standard to find his relevant conduct, was rejected on the merits in the Court's preliminary review of Thomas's § 2255 motion. The argument is a loser. Appellate counsel is only ineffective if she fails to raise an argument on appeal that is "both obviously and clearly stronger than one that was raised." *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001); *accord Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015). She will not be found ineffective for failing to raise a losing argument. *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013) (trial counsel not deficient for failing to

raise losing argument).   Thus, any claim that appellate counsel was ineffective for failing to object on appeal to the evidentiary standard at sentencing is futile.   The Court will not allow Thomas to amend his § 2255 motion to add such a claim.

- Ground 5 of his original § 2255 motion claims cumulative error of counsel.   This claim already encompasses all alleged error of all counsel.   Nothing new will be added by allowing a claim that appellate counsel was constitutionally ineffective for failing to raise all Thomas's collateral attacks on direct appeal.   The Court will not allow Thomas to amend his § 2255 motion to add a claim that is effectively already asserted.

Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and Federal Rule of Civil Procedure 15(a), the Court **GRANTS in part** and **DENIES in part** Thomas's motion for leave to amend (Doc. 6).   The Court will allow Thomas to amend his § 2255 motion to add the following ground for relief:

Ground 6:   Appellate counsel was constitutionally ineffective for failing to raise on direct appeal (a) the failure to apply the "2021 United States Department of Justice Statement" and (b) a conflict of interest of Thomas's sentencing counsel.

The Court **ORDERS** the Government to file a response to Grounds 1, 2, 3(b), 4, 5, and 6 of the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered.   The prior deadline established by the Court's September 26, 2024, order (Doc 5) is **VACATED**. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.   The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   October 7, 2024**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**